IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2057-BO

| | |
|---|---|
| CECIL EDWARD JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SARA REVELL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

On October 12, 1990, after a jury trial, petitioner, along with five other co-defendants, was found guilty on multiple counts of their federal criminal indictment in the Western District of North Carolina. United States v. Jackson, 953 F.2d 640, *1 (4th Cir. 1992). "All defendants were convicted of conspiracy to distribute cocaine base, 21 U.S.C. § 846. Additionally, Cecil Jackson was convicted of participation in a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848; possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); and 13 counts of carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924c." Id. "Defendants were sentenced on November 26, 1990. Cecil Jackson received life imprisonment plus a consecutive term of 145 years, a $10,000 fine, and supervised release for five years." Id. Petitioner, along with his

co-defendants, appealed the conviction. Id. On January 14, 1992, the Fourth Circuit reversed the convictions of petitioner and a co-defendant on the drug conspiracy count "as duplicative of their convictions on the CCE counts" and affirmed defendants' convictions in all other respects. Id.

In April of 1997, petitioner filed a motion to vacate under 28 U.S.C. § 2255. Jackson v. United States, 245 Fed. App'x 258, 259 (4th Cir. 2007). Before the Government answered or filed a motion, petitioner moved for voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i). Id. On June 4, 1997, the district court granted the motion for voluntary dismissal, dismissed the § 2255 motion with prejudice, and instructed petitioner that he must seek authorization from this court under 28 U.S.C. § 2244 (2000) before filed a second such motion. Id. Petitioner next filed a Rule 60(b) motion in the action which the district court denied. Id. Petitioner appealed and the Fourth Circuit, in 2007, held:

> [T]he district court's order granting Jackson's motion for voluntarily dismissal under Rule 41(a)(1) was in error, because the case was dismissed with the filing of Jackson's motion. See, e.g., Long v. Board of Pardons & Paroles of Texas, 725 F.2d 306, 306-07 (5th Cir.1984) (petitioner's voluntary dismissal of habeas petition completely terminated earlier action without further order of the court). In addition, the district court's order dismissing Jackson's § 2255 motion with prejudice was void. Moreover, that part of the order advising Jackson that he has to receive authorization from this Court under § 2244 prior to filing another § 2255 motion was in error because a voluntary dismissal is not an adjudication on the merits. See United States v. Sosa, 364 F.3d 507, 510 n. 2 (4th Cir. 2004).

Id. at 259-260.

In 2007 it also appears petitioner, acting pro se, moved for a sentence reduction in his criminal case pursuant to 18 U.S.C. § 3582, which the court allowed in September 2009. United States v. Jackson, 3:90-CR-85-MOC-1, [D.E. 38] (pro se motion for reduction and order granting

2

motion). Petitioner was re-sentenced accordingly Id. Now petitioner is before this court with a § 2241 petition.

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his sentence. He seeks relief pursuant to the Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995), and Bousley v. United States, 523 U.S. 614 (1998). The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, petitioner sought permission to file a second or successive motion to vacate his sentence under § 2255 in the circuit court as required by 28 U.S.C. § 2244. Id. at 329. And in fact, the case at issue in Jones was Bailey. The Fourth Circuit held that because the Bailey claim did not rest on "a new rule of constitutional law" as required by § 2244 which allowed a second or successive claim to be filed in the district court, § 2241 might be available to him. Id. Specifically, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. "In short, under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law.

3

If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 210). Here, the second prong cannot be met. Petitioner's first § 2255 was voluntarily dismissed without prejudice and does not, in and of itself, bar him from filing another § 2255. United States v. Sosa, 364 F.3d 507, 510 n. 2 (4th Cir. 2004). Petitioner had an "unobstructed procedural shot at filing a § 2255 motion" and attempting to "take advantage" of the holding in Bailey and Bousley. "[I] is settled law that not every numerically second [§ 2255 motion] is a 'second or successive' [motion] within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). For example, "when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, the counter of collateral attacks pursued is reset to zero." Id., quoting In re Goddard, 170 F.3d 435, 438 (4th Cir.1999). In the matter at hand, one § 2255 was filed and dismissed without prejudice. And later in time, in 2007, the sentencing district court granted a motion filed by petitioner challenging his sentence under the crack cocaine offense, reentered a sentence and judgment, and thus reset the "counter" once again. Thus, petitioner may not proceed under § 2241.

Given the posture of this case, the court provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize this motion as an attempt to file a motion under 28 U.S.C. § 2255. The court also notifies petitioner of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255; see also Jackson, 245 Fed. App'x at 260 n.2 (expressing no opinion "on whether any future § 2255 motion

4

filed by Jackson will be timely"). The court hereby permits petitioner to file a response to the court's proposed recharacterization within twenty-one (21) days from the date of this order. The court advises petitioner that if, within the time set by the court, petitioner agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255, shall consider it filed as of the date the original motion was filed, and transfer the matter to the Western District of North Carolina. If, however, petitioner responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion but will dismiss the § 2241 for lack of jurisdiction as directed by Rice. Rice v. Rivera, 617 F.3d at 807.

Accordingly, petitioner is given NOTICE pursuant to Castro. Petitioner has 21 days from the date of this order to response as detailed above. Given the holding in this case and the pending motion to dismiss in Whitener v. Revell, No. 5:12-HC-2056-FL, the motion to consolidate [D.E. 2] those two proceedings under Rule 42 of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED, this the ⊃0 day of August 2012.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

5